UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL LOVE,<br><br>                Plaintiff,<br><br>        v.<br><br>ELIAS JWEINAT, et al.,<br><br>                Defendants. | Case No. 3:18-cv-01299-WHO<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR ENTRY OF STIPULATED JUDGMENT**<br><br>Re: Dkt. No. 35 |

Plaintiff Samuel Love filed an ex parte application for entry of a judgment the parties stipulated to as part of the agreement that settled in this case. Dkt. No. 35. He asserts that the defendants have defaulted on payments under the settlement agreement and asks that I enter judgment in the amount of $13,513.74.

I lack jurisdiction to grant the request. Although the parties decided among themselves that I would retain jurisdiction over their settlement and further agreed that the plaintiff would be able to file a stipulated judgment in the event of an uncured default, they never communicated that wish to me. Accordingly, the order dismissing the case is silent with respect to jurisdiction. Dkt. No. 33. Federal Rule of Civil Procedure 60(a) permits a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "But Rule 60(a) does not permit a court to make corrections that, under the guise of mere clarification, reflect a new and subsequent intent." *Kang v. Harrison*, 789 F. App'x 68, 68 (9th Cir. 2020) (internal quotation marks and citation omitted).

The change the plaintiff seeks here would do more than correct a clerical error or other oversight in the record. He will have to initiate a new action to enforce the terms of the

1  agreement.  *See*, *e.g.*, Federal Rule of Civil Procedure 60(d)(1).

2  **IT IS SO ORDERED.**

3  Dated: July 21, 2020

William H. Orrick
United States District Judge